# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Michael Maidan<br>dba Grand Avenue Building II, LLC,<br>dba East End Ventures LLC,<br>dba 1907 Harrison Realty LLC,<br>dba 550 Metropolitan LLC,<br>dba 62 Grand Ave LLC,<br><br>    Debtor. | Chapter 11<br><br>Case No. 19-77027 (LAS) |
| ERIC HUEBSCHER, in his capacity as Litigation Trustee under the Litigation Trust Agreement established pursuant to the confirmed Plan in the above-referenced chapter 11 case,<br><br>    Plaintiff,<br><br>v.<br><br>TATYANA GUBANOVA,<br><br>    Defendant. | Adv. Case No. 21-ap-_____ |

## ADVERSARY COMPLAINT

Eric Huebscher in his capacity as Trustee under the Litigation Trust Agreement established pursuant to the confirmed Plan in this case (the "Trustee"), by and through his undersigned counsel, hereby files this *Adversary Complaint* (the "Complaint") against Defendant Tatyana Gubanova ("Gubanova"). As and for his Complaint, the Trustee states as follows.

## NATURE OF THE ACTION

1. Tatyana Gubanova served as the primary bookkeeper for the Debtor and his businesses. In this role, Gubanova had electronic access and login credentials to several of the Debtor's personal and business bank accounts and was also an authorized signor on several of

them.  Gubanova thus held a unique position of trust in connection with the management and recordkeeping of the Debtor's financial affairs and that of his businesses.

2. While serving in her unique position, Gubanova failed to comply with established bankruptcy law and procedure with respect to the handling of the Debtor's accounts. Following the appointment of the Trustee, she failed to cooperate with the Trustee's investigation, refusing to turn over all of the Debtor's accounts, books, and records and repeatedly failing to fully comply with court orders compelling her to do so. Gubanova's flouting of her duty as a fiduciary has hindered the administration of this case and resulted in the Debtor's estate incurring significant costs to marshal assets and ascertain estate causes of action.

3. Even more troubling, Gubanova made several unauthorized post-petition transactions that she consummated for her own benefit, using her electronic access to the Debtor's bank accounts, Gubanova also commingled her personal funds with those of the Debtor's businesses, both before and after the Petition Date.

4. These failures and violations indicate a larger pattern of deceit in Gubanova's role in the Debtor's chapter 11 case. Moreover, these failures have hindered the Trustee's multiple investigations in light of Gubanova's key role in maintaining the Debtor's books and records.

5. By this Complaint, the Trustee seeks, *inter alia*, a turnover order for the funds that Gubanova misappropriated or converted from the Debtor's estate for her own benefit, using her personal access to the Debtor's accounts. In addition, the Trustee seeks compensation, in an amount to be determined at trial, for Gubanova's multiple breaches of her fiduciary duties to the Debtor's estate and its creditors. Finally, the Trustee seeks the disallowance or avoidance of any purported claims that Gubanova may have against the estate.

6. Through multiple actions and omissions, Gubanova has harmed the estate and dissipated its assets for her own personal use or benefit. Such conduct requires this Court's intervention, both to vindicate the principles of the Bankruptcy Code and to ensure a fair and equitable distribution to all creditors.

## JURISDICTION AND VENUE

7. This adversary proceeding, brought pursuant to, *inter alia*, 11 U.S.C. §§ 542 and 502(d), and Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), arises from and is related to this chapter 11 case.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1334. This proceeding is core under 28 U.S.C. § 157(b). Alternatively, the Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) because the claims at issue herein are related to the above-captioned chapter 11 case.

9. Venue is proper under 28 U.S.C. § 1409(a).

## PARTIES

10. The Trustee is the Plaintiff in this adversary proceeding. The Trustee is authorized to pursue and prosecute causes of action on behalf of the Debtor's estate.

11. Defendant Tatyana Gubanova is an individual who resides at 2942 West Fifth Street, Apartment 8B, Brooklyn, New York 11224. Gubanova was an employee of one or more of the Debtor's businesses and maintained the Debtor's business and personal books and records.

# FACTUAL ALLEGATIONS[1]

## A. Background of the Chapter 11 Case and Appointment of the Trustee

12. On October 11, 2019 (the "Petition Date"), the above-captioned Debtor filed a voluntary petition for relief under title 11 of the United States Code, 11 U.S.C. §§ 101 *et. seq.* (the "Bankruptcy Code") in this Court.

13. The Debtor was a real estate developer, and upon information and belief, did business as either the sole member/owner of, and/or held financial interests in a number of limited liability companies including Code Red Ltd.; Code Red LLC; 62 Grand Street LLC; 262 Neptune LLC; 511 Grand LLC; Grand Avenue Building Corporation LLC; Grand Avenue Building II LLC; 108-110 Duane Street Corp.; 108-110 Duane LLC; 550 Metropolitan LLC; East End Ventures LLC; East End Ventures II LLC; East End Ventures III LLC; and 1907 Harrison Realty LLC.

14. On January 14, 2021, counsel to the Debtor filed *Michael Maidan's First Amended Disclosure Statement in Support of First Amended Chapter 11 Liquidating Plan dated January 13, 2021,* [ECF # 135] ( the "Disclosure Statement").

15. On March 17, 2021, the Bankruptcy Court entered the *Order Confirming Debtor's First Amended Chapter 11 Liquidating Plan Pursuant to 11 U.S.C. Section 1129* [ECF # 149] (the "Confirmation Order") confirming the plan set forth at [ECF # 136] (as amended, the "Plan")[2]. The confirmed Plan, among other things, (i) establishes a litigation trust (the "Litigation Trust") for the benefit of the holders of Class 4 Unsecured Claims under the Plan, (ii) provides for the vesting of all of the Debtors' Causes of Action in the Litigation Trust as of the Plan Effective Date, (iii) provides that the Trustee of the Litigation Trust has absolute discretion to determine whether

---

[1] All references to docket entries are to the main bankruptcy case docket of the Debtor in the above-captioned chapter 11 case unless otherwise indicated.
[2] Capitalized terms used but not defined herein shall have the meaning given to them in the Plan.

4

to bring, settle, release, compromise or enforce such Causes of Action, and (iv) provides that the Trustee has the authority to pursue such litigation claims in accordance with the best interests of the Litigation Trust. *See* Plan, Art. XI 11.1.

16. The Confirmation Order approved the appointment of the Trustee as the Litigation Trustee of the Litigation Trust.

17. The Plan Effective Date occurred on or around March 18, 2021.

18. On May 19, 2021, the Bankruptcy Court entered the *Order Modifying Debtor's Plan of Reorganization Pursuant to 11 U.S.C. Section 1127(b)* [ECF # 166] (the "Plan Modification Order"), which Plan Modification Order, among other things, appointed the Trustee (i) as the Distribution Agent and the Disbursing Agent for Class 4 Claims and (ii) the Debtor's sole administrator and representative of the Debtor's estate pursuant to Section 1.6 of the Litigation Trust Agreement with respect to all assets to be sold or liquidated pursuant to the Plan. *See* Plan Modification Order, page 1-2.

19. The Litigation Trust Agreement, as approved by the Confirmation Order and the Plan Modification Order, provides that, among other rights, the Trustee has the power to (i) to perform the duties and exercise the powers of a trustee under sections 704 and 1106 of the Bankruptcy Code, including, without limitation, commencing, prosecuting or settling causes of action and (ii) protect and enforce the rights to the Litigation Trust assets by any method deemed appropriate. *See* Litigation Trust Agreement, § 2.8.

**B.     Gubanova's Unauthorized Postpetition Payments and Commingling of Funds**

20. Both before and after the Petition Date, Gubanova maintained the Debtor's business and personal books and records.

21. Upon information and belief, Gubanova was also an authorized signor on several of the Debtor's personal and business bank accounts and had electronic access and login credentials for these accounts.

22. Upon information and belief, Gubanova served as the bookkeeper for the Debtor and his businesses until at least March 2020 and continued to perform some work for the Debtor and/or his businesses through June 2020.

23. In her role with the Debtor's businesses, Gubanova held a position of trust in connection with the management and recordkeeping of the Debtor's financial affairs and that of his businesses.

24. Gubanova alleges that during 2019, she paid $80,000 out of her own personal funds for various expenses incurred by the Debtor, including rent, mortgage, and car payments. *See* Ex. A, Excerpts from Deposition of Tatyana Gubanova, May 6, 2021 ("Gubanova Tr."), 50:4-50:25. The alleged advance was not disclosed in the Debtor's schedules or any other bankruptcy filings, nor was it documented in an agreement or other instrument.

25. Using her access to the Debtor and his accounts, Gubanova withdrew approximately $63,000 in total from the Debtor's accounts after the Petition Date (the "Unauthorized Payments"). *See* Gubanova Tr. 54:4-54:17.

26. Upon information and belief, the Unauthorized Payments were made in December 2019, January 2020, April 2020, May 2020 and/or June 2020.

27. Upon information and belief, the Unauthorized Payments were made from funds or accounts belonging to Grand Avenue Building II, LLC and 62 Grand Ave LLC, two of the Debtor's businesses. *See* Gubanova Tr. 59:14-59:17. The Debtor's interests in these businesses are being administered in this chapter 11 case.

28. Each of the payments were initiated through online transactions at the applicable bank accounts.

29. None of the Unauthorized Payments were disclosed to the Court or to creditors.

30. Moreover, no Court approval was sought or obtained to make the Unauthorized Payments to Gubanova.

31. Upon information and belief, Gubanova maintains that the Debtor's estate continues to owe her $17,000, although no claim was ever filed with the Court.

32. Upon information and belief, Gubanova continued to work for the Debtor and/or the Debtor's businesses through and until June 2020.

33. Throughout this period, Gubanova continued to have electronic access and login credentials to the bank accounts belonging to the Debtor and/or his businesses. Using her access to the Debtor's bank accounts, Gubanova transferred funds from the Debtor's accounts to herself. *See* e.g. Gubanova Tr. 60:4-60:6. These transfers were not accounted for nor disclosed in operating reports filed with the court.

34. Upon information and belief, from around September 2019 through April 2020, Gubanova deposited into her own personal and/or business bank accounts payments made by tenants on account of rent or other charges owing to one or more of the Debtor's businesses, including 62 Grand Ave LLC. *See* e.g. Gubanova Tr. 79:21-80:16.

35. Gubanova commingled such funds with her own personal and business bank accounts without disclosure to the Court or to creditors (such funds, together with any other funds comingled with Debtor funds, the "Commingled Funds").

36. Commingling funds belonging to the Debtor's estate with the funds of Gubanova violated well established bankruptcy requirements for maintaining all estate funds in debtor-in-possession accounts.

### C. Gubanova's Failure to Turnover Estate Books and Records and to Comply with Discovery Requests

37. On September 10, 2020, counsel to the Debtor filed its *Application Seeking Entry of an Order, Pursuant to Federal Rule of Bankruptcy Procedure 2004, Directing the Production of Documents by and Examination of Tatyana Gubanova, Individually and On Behalf of the Debtor* [ECF # 93] (the "Gubanova 2004 Motion"). In describing the reason and basis for the relief requested therein, the Gubanova 2004 Motion provided, "In order for the Debtor to fully investigate all claims arising under chapter 5 of the Bankruptcy Code, and post-petition transactions, and prepare monthly operating reports, the Debtor submits that it is necessary to effectuate a turnover of books and records from [Ms. Gubanova] and to examine [Ms. Gubanova] under oath." Gubanova 2004 Motion § 14.

38. On October 1, 2020, this Court entered its *Order Authorizing Debtor to Issue Subpoenas for the Production of Documents and Authorizing the Debtor to Examine Tatyana Gubanova* [ECF # 99] (the "Gubanova 2004 Order") authorizing the Debtor to issue subpoenas to compel the production of documents and testimony of Tatyana Gubanova in connection with the administration of this chapter 11 case.

39. Upon information and belief, Gubanova failed and refused to turn over the Debtor's books and records in her possession and computers with the Debtor's personal information, as well as the login credentials for the Debtor's bank accounts, and to cease and desist making any payments or transfers from these accounts. Further, upon information and belief, Gubanova may

have improperly paid claims attributable to the pre-Petition Date period from the Debtor's debtor-in-possession bank account.  *See* Disclosure Statement [ECF # 135], p. 7.

40. On May 6, 2021 the Trustee conducted Gubanova's deposition (the "Gubanova Deposition"). The Gubanova Deposition was not concluded, but was adjourned, pending Ms. Gubanova's production of certain documents.

41. Following the Gubanova Deposition, the Trustee directed Gubanova to produce additional documents by May 21, 2021.

42. While Gubanova provided some documents, the production was deficient in material respects.

43. Accordingly, on June 4, 2021, June 8, 2021 and June 10, 2021, the Trustee sent emails to Gubanova's counsel following up to demand production of the documents that had not yet been provided.

44. Because Ms. Gubanova failed to comply with the Trustee's requests, on June 21, 2021, counsel to the Trustee sent a letter to Gubanova's counsel outlining the deficiencies in the subsequent production and demanding such deficiencies be cured by June 25, 2021.  *See* [ECF # 189-1] (*Declaration of Chelsey Rosenbloom* dated July 28, 2021 ("Rosenbloom Decl."), Ex. 1).

45. On June 25, 2021, counsel to Ms. Gubanova provided certain of the requested bank statements, but otherwise failed to cure the deficiencies in the prior production.

46. Accordingly, on June 29, 2021, in accordance with the authority granted under the Gubanova 2004 Order, the Trustee served Ms. Gubanova and her counsel with a subpoena formally demanding production of the documents requested therein.  *See* [ECF #189-2] (Rosenbloom Declaration, Ex. 2) (the "Subpoena").

47. Gubanova failed to respond to the Subpoena.

48. As a result, on July 28, 2021, the Trustee filed a *Motion to Compel Production of Documents from Tatyana Gubanova* [ECF # 188] (the "Motion to Compel"). Included in the Motion to Compel was a schedule of missing documentation listing items where Gubanova's productions were deficient. *See* Motion to Compel, Ex. B.

49. On August 24, 2021, the Court entered an Order granting the Motion to Compel [ECF # 203] (the "Order to Compel Production"), which required Gubanova to produce the documents requested in the Subpoena, including the schedule of missing documentation attached as Exhibit B to the Motion to Compel, no later than five (5) days after entry of the order.

50. Upon information and belief, notwithstanding the Order to Compel Production, Gubanova's production of documents has continued to be deficient.

51. Gubanova's failures to turn over all estate books and records and her insufficient disclosures have hindered the Trustee's multiple investigations related to this chapter 11 case.

## FIRST CAUSE OF ACTION

**(Turnover of Unauthorized Payments and Commingled Funds to Gubanova and Books and Records Belonging to the Debtor and/or the Debtor's Businesses Pursuant to 11 U.S.C. §542(a),(e))**

52. The Trustee repeats and re-alleges each of the allegations asserted in the preceding paragraphs of this Complaint as though fully set forth herein.

53. Pursuant to 11 U.S.C. § 542(a), "[a]n entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate."

54. The Unauthorized Payments and the Commingled Funds are estate property subject to turnover by Gubanova to the Trustee on behalf of the estate.

55. There is no evidence that any loan was made by Gubanova to the Debtor or any of the Debtor's businesses in 2019.

56. The purported claim was never disclosed in the chapter 11 case nor did Gubanova file a proof of claim.

57. No Court approval was sought or obtained for the Unauthorized Payments or to deposit the Commingled Funds.

58. Gubanova is, or was during the chapter 11 case, in possession, custody, and control of the Unauthorized Payments and the Commingled Funds.

59. In her role as the Debtor's bookkeeper, Gubanova (i) made several Unauthorized Payments to herself and (ii) made several improper deposits of the Commingled Funds, in each case, without disclosing the transactions and without seeking or obtaining approval from the Court.

60. The Unauthorized Payments and Commingled Funds constitute property of the Debtor's estate which may be used in accordance with section 363 of the Bankruptcy Code.

61. The Unauthorized Payments and Commingled Funds are not of inconsequential value to the Debtor's estate.

62. Accordingly, the Trustee is entitled to an order compelling the turnover from Gubanova of the Unauthorized Payments and the Commingled Funds.

63. In addition, Gubanova is required to turn over all of the Debtor's books and records to the Trustee. In addition to her turnover obligations pursuant to section 542(a) of the Bankruptcy Code, and, with respect to the Debtor's books and records, section 542(e) of the Bankruptcy Code, Gubanova has been ordered to comply with the Trustee's requests, pursuant to the Gubanova 2004 Order and the more recent Order to Compel Production. Gubanova has failed to fully comply with these obligations.

## SECOND CAUSE OF ACTION

## (Conversion of Estate Funds)

64. The Trustee repeats and re-alleges each of the allegations asserted in the preceding paragraphs of this Complaint as though fully set forth herein.

65. The Unauthorized Payments and Commingled Funds consisted of funds belonging to the Debtor's bankruptcy estate.

66. In addition, by depositing the Commingled Funds, funds payable to the Debtor's businesses into her own accounts, Gubanova unlawfully commingled the Debtor's funds with her own.

67. The Trustee is entitled to immediate repayment of all such funds.

68. Gubanova's payment and receipt of the Unauthorized Payments, and her unauthorized and unlawful commingling of the Commingled Funds, and refusal to repay them to the Debtor's estate, constitutes a conversion.

69. Gubanova is liable for the entire amount of the Unauthorized Payments and the Commingled Funds which must be immediately repaid to the Debtor's estate for distribution to all creditors.

## THIRD CAUSE OF ACTION

## (Breach of Fiduciary Duty)

70. The Trustee repeats and re-alleges each of the allegations asserted in the preceding paragraphs of this Complaint as though fully set forth herein.

71. As the Debtor's bookkeeper and a key employee of the Debtor's businesses, Gubanova owed the estate and all creditors a fiduciary duty of loyalty and care to act in the estate's best interests.

72. Gubanova's breaches of her fiduciary duty have not been remedied and have continued unabated, even after the appointment of the Trustee. In addition, Gubanova was obligated to cooperate with the Trustee and to facilitate the Trustee's investigation of the Debtor's affairs and administration and liquidation of the estate under the confirmed Plan.

73. The Court ordered Gubanova to comply with the Trustee's requests, pursuant to the Gubanova 2004 Order and the subsequent Order to Compel Production. Gubanova failed to fully comply with, and is in violation of, both orders.

74. Gubanova breached her fiduciary duty to the Debtor's estate by failing to disclose her payment and receipt of the Unauthorized Payments.

75. Gubanova further breached her fiduciary duty to the Debtor's estate by paying herself the Unauthorized Payments without disclosure to the Court and creditors and without seeking or obtaining Court approval.

76. Gubanova further breached her fiduciary duty to the Debtor's estate by commingling the Commingled Funds belonging to the Debtor's estate with her own funds.

77. Gubanova further breached her fiduciary duty to the Debtor's estate by failing to cooperate with the Trustee's investigation into the Debtor's affairs and by repeatedly failing to respond sufficiently to the Trustee's requests for production of documents and other discovery requests.

78. As a direct and proximate result of Gubanova's breaches of fiduciary duties and her other acts and omissions, the Debtor's estate and its creditors were deprived of estate assets and suffered other injury. Gubanova is liable to the Debtor's estate and its creditors to compensate for these and other results of her breaches of fiduciary duties.

79. Upon information and belief, it is likely that Gubanova has intentionally or negligently concealed additional unauthorized transactions, for her personal benefit or otherwise, that have dissipated estate assets to the detriment of creditors and all parties in interest in this chapter 11 case. The Trustee's investigation into such matters continues and faces many challenges in light of Gubanova's role in maintaining the Debtor's books and records. The Trustee's investigation may reveal additional breaches of fiduciary duties by Gubanova that caused harm to the estate and all creditors in a form and in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

**(Avoidance of Unauthorized Post-Petition Transfers to
Gubanova Pursuant to 11 U.S.C. § 549, 550)**

80. The Trustee repeats and re-alleges each of the allegations asserted in the preceding paragraphs of this Complaint as though fully set forth herein.

81. To the extent that the Debtor made a transfer to or for the benefit of Gubanova on account of an obligation that arose before the Petition Date and cleared after the Petition Date, such transfers were unauthorized post-petition transfers that are avoidable under 11 U.S.C. § 549.

82. In addition, to the extent that the Debtor made any other transfer to or for the benefit of Gubanova after the Petition Date that was not authorized by the Bankruptcy Code of the Court, such transfer(s) is/are avoidable under 11 U.S.C. § 549, including, without limitation the transfer of the Unauthorized Payments (collectively, with any other unauthorized transfers, the "Transfers").

83. Moreover, upon information and belief, Gubanova has never filed a proof of claim in this chapter 11 case and the proof of claim bar date has long since elapsed.

84. The Trustee hereby demands judgment avoiding any and all unauthorized payments or Transfers made by the Debtor's estate to or for the benefit of Gubanova after the Petition Date.

85. The Trustee further seeks recovery of such amounts in accordance with 11 U.S.C. § 550.

## FIFTH CAUSE OF ACTION

### (Disallowance of Gubanova's Purported Claims)

86. The Trustee repeats and re-alleges each of the allegations asserted in the preceding paragraphs of this Complaint as though fully set forth herein.

87. As set forth herein, Gubanova claims that she possesses a claim against the Debtor's estate.

88. However, upon information and belief, Gubanova has never filed a proof of claim in this chapter 11 case and the proof of claim bar date has long since elapsed. Gubanova has therefore waived any and all claims that she may have against the Debtor's estate.

89. In the alternative, pursuant to 11 U.S.C. § 502(d), any purported claims possessed by Gubanova against the Debtor must be disallowed until such time as Gubanova pays to the Trustee on behalf of the estate an amount equal to the aggregate amount or value of the Transfers.

90. Gubanova has not returned to the estate any amount or value equivalent to that of the Transfers.

91. Accordingly, and as an alternative form of relief, the Trustee hereby demands judgment pursuant to 11 U.S.C. § 502(d) disallowing any claim of Gubanova against the Debtor.

## PRAYER FOR RELIEF

92. For the foregoing reasons, the Trustee respectfully requests that the Court grant the following relief:

   a. With respect to the **First Cause of Action**, a Judgment and Order pursuant to 11 U.S.C. § 542(a) and, with respect to books and records, § 542(e) of the Bankruptcy Code, compelling Gubanova to turn over the Unauthorized Payments and the Commingled Funds and books and records belonging to the Debtor or the Debtor's businesses to the Debtor's estate;

b. With respect to the **Second Cause of Action**, a Judgment and Order awarding damages to the Debtor's estate for Gubanova's conversion of estate funds;

c. With respect to the **Third Cause of Action**, a Judgment and Order declaring that Gubanova breached her fiduciary duties to the Debtor's estate and awarding an amount to be proven at trial or otherwise;

d. With respect to the **Fourth Cause of Action**, a Judgment and Order, pursuant to 11 U.S.C. §§ 549 and 550, avoiding the unauthorized Transfers for the benefit of the Debtor's estate and for distribution to creditors;

e. With respect to the **Fifth Cause of Action**, a Judgment and Order disallowing any purported claim of Gubanova pursuant to 11 U.S.C. § 502(d);

f. With respect to **each Cause of Action**, pre- and post-judgment interest to the maximum extent permitted by law;

g. With respect to **each Cause of Action**, reasonable attorneys' fees, costs, and expenses incurred in this action;

h. With respect to **each Cause of Action**, punitive damages in such amount as may be warranted; and

i. Any further relief as the Court deems just, proper, or equitable under the circumstances.

Dated: New York, New York
November 5, 2021

Respectfully submitted,

LOCKE LORD LLP

By: /s/ *Stephanie Wickouski*
Stephanie Wickouski
Chelsey Rosenbloom
200 Vesey Street, 20th Floor
New York, New York 10281
Telephone: 212-415-8600
Facsimile: 212-303-2754
swickouski@lockelord.com
chelsey.rosenbloom@lockelord.com

*Attorneys for Trustee*